*efiled 12/5/06

ALEXANDER COMMUNITY LAW CENTER
SCOTT MAURER (CSB No. 180830)
COURTNEY MINICK (CLS No. 17168)
1030 The Alameda
San Jose, California 95126
Telephone: (408) 288-7030
Facsimile: (408) 288-3581

KEMNITZER, ANDERSON, BARRON & OGILVIE LLP.
BRYAN KEMNITZER (CSB No. 66401)
NANCY BARRON (CSB No. 99278)
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Facsimile: (415) 861-3151

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYNTHIA TAMAYO and JUAN ALGARATE, Individually, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BRAINSTORM USA, a Limited Liability Company; and NATIONAL CITY CORPORATION, fdba THE PROVIDENT BANK, a corporation,<br><br>Defendants. | Case No. C01-20386 JF (RS)<br><br>CLASS ACTION<br><br>ORDER CERTIFYING CLASS, GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING ATTORNEYS' FEES AND COSTS TO PLAINTIFFS; AND ENTERING JUDGMENT<br><br>Unlimited Civil Case<br><br>Date: December 1, 2006<br>Time: 9:00 a.m.<br>Courtroom 3, 5th Floor<br>Hon. Jeremy Fogel |

This cause came before the Court regularly for hearing pursuant to the Order issued by

this Court on or about July 14, 2006 granting Conditional Certification of a Settlement Class; Preliminary Approval of Settlement; Distribution of Class Notice; and Setting Hearing for Final Approval (hereafter "Preliminary Approval Order"). Class Notice, including notice of this hearing was sent in accordance with that Preliminary Approval Order. The parties have come before the Court in a joint application for Final Approval of the Class Settlement. A hearing was conducted on December 1, 2006, at which the Plaintiffs and the class were represented by Scott Maurer of the Alexander Community Law Center and Nancy Barron of the law firm Kemnitzer, Anderson, Barron & Ogilvie. Diane L. Gibson of Squire, Sanders & Dempsey, LLP appeared on behalf of National City Corporation (successor in interest to defendant The Provident Bank, hereafter referred to as "Provident"), and Thomas E. Kuhnle of Bingham McCutchen, LLP, appeared on behalf of defendant BrainstormUSA, LLC (hereafter "Brainstorm"). The Court having received no objection to the class settlement, and having given opportunity for oral objection during the hearing, and having reviewed and considered the briefing submitted to the Court, and the Settlement Agreement, the Court finds:

A. Plaintiffs and Defendants entered into a Class Action Settlement Agreement ("Settlement Agreement"), and the Court preliminarily approved the settlement on July 14, 2006 (e-filed July 18, 2006). At the preliminary approval hearing, this Court conditionally certified, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class of all California residents who made a purchase from Brainstorm that was financed by Provident Bank or Brainstorm between March 29, 1997 and December 31, 2004.

B. The Settlement Agreement has been submitted to the Court for final approval pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure and is attached to this Order as Exhibit A.

C. Notice to the class in a form approved earlier by the Court was mailed by the

Class Administrator, Rust Consulting, P.O. Box 9390, Minneapolis, MN 55440, as shown by the Affidavit of the James Parks, authorized representative of Rust Consulting, filed with the Joint Application for Final Approval. The Class Administrator mailed the approved Class Notice in the form and manner approved by the Court to class members as derived from the current electronic databases of Provident, Brainstorm and Brainstorm's billing vendor ("class members"). Of the 9,226 class notices mailed, as of September 21, 2006, the Class Administrator received 840 class notices returned from the United States Postal Service as undeliverable and, after the exercise of diligence required by the Settlement Agreement, effected a single re-mailing for each such return if an alternative address could be identified. Class members were provided an opportunity to opt-out of the class. There were no valid timely requests for exclusion received. One untimely request for exclusion was received. No class members objected to this settlement. All class members have been given due notice and opportunity to be heard.

D.    Pursuant to the Settlement Agreement, class members shall receive the following benefits:

(1)    Class members with Paid Accounts or Current Accounts will share a payment of $690,000 (the "Class Settlement Funds") on a *per capita* basis. On or before the Distribution Date, which is 10 days from Final Approval as defined in the Settlement Agreement, ¶1.11, the Class Administrator will issue a check for the *per capita* share amount to class members with Paid Accounts. Provident and Brainstorm will credit the accounts of class members with Current Accounts by their *per capita* share amount. To the extent any class member's *per capita* share amount exceeds the balance in the Current Account, the Class Administrator will issue a check to the extent of the excess. The checks referred to herein ("Settlement Checks") will only be negotiable for 90 days, and will bear a legend indicating so. The Class Administrator will

provide an affidavit confirming the mailing of the Settlement Checks, which Provident will file with the Court.

(2) In addition, on or before the Distribution Date, Provident and Brainstorm will issue credits equal to 75% of the balance of all Delinquent Accounts of class members.

(3) For those class members against whom Provident and/or Brainstorm have previously obtained a judgment which is not satisfied on the date of Final Approval, Provident and/or Brainstorm, as applicable, shall provide a Partial Satisfaction of Judgment to each such class member in the amount of 75% of the amount of such judgment as of the date of Final Approval.

In addition to benefits to class members as set forth above, the Settlement Agreement provides the following:

(1) Brainstorm is subject to the terms of the Stipulated Permanent Injunction attached hereto.

(2) After the date of Final Approval as defined in the Settlement Agreement, ¶1.11, Provident and Brainstorm have agreed to forbear from attempting to enforce in California the arbitration clause contained in the "Provident Bank Acuerdo de Linea de Credito Abierta el Preferido Terminos y Condiciones."

(3) Defendants will pay $5,000 collectively (that is, $2500 each) to Plaintiffs Cynthia Tamayo and Juan Algarate in addition to their recovery as class members, in consideration of their service as class representatives.

(4) Plaintiffs may submit a claim for attorney's fees, costs and expenses not to exceed $475,000. Provident and Brainstorm shall not oppose any application by Plaintiffs' counsel for reasonable attorney's fees and costs up to $475,000. Plaintiffs shall not apply for any amount in excess of $475,000. Fees are to be paid on the Distribution Date as defined in the

Settlement Agreement ¶1.10.

(5) Any settlement funds which are not claimed by class members will be paid to a *cy pres* fund, to be given to the following non-profit charity or charities: The National Consumer Law Center (30%) the Watsonville Law Center (40%), and the Law Foundation of Silicon Valley (30%). These *cy pres* funds will be sent by first class mail to class counsel at the Alexander Community Law Center within 115 days from the latest date that settlement checks are mailed to the class members. Thereafter the administrator may close the account.

(6) In exchange for the foregoing acts and stipulated forbearance and inactions, the Plaintiffs and class members who did not opt out will release Provident and Brainstorm and designated affiliates, from claims as specified in the Settlement Agreement.

IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

1. This Court has jurisdiction over the claims of the class members asserted in this action, personal jurisdiction over the settling parties (including all class members), and subject matter jurisdiction to approve the settlement as set forth in the Settlement Agreement previously filed with the Court.

2. The Court grants the parties' joint request for final approval of the Settlement Agreement. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for Plaintiffs and Defendants and that the terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiffs and all class members in light of the risk of establishing liability and damages, and the expense of further litigation. Accordingly, this Court finds that the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to this Class Settlement and makes final its previously conditional certification of the Class.

3. The notice given to the class members was reasonably calculated under the

circumstances to apprise them of the pendency of this action, all material elements of the proposed settlement, and their opportunity to exclude themselves from, or object to, the settlement. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement was reasonable, and constituted the best notice practicable under the circumstances to class members, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

4. No class members requested to be excluded from this Class Settlement.

5. The class meets the predominance and superiority requirements. Common issues of fact and law predominate, and therefore the class action is superior to individual actions because of the relatively minor amount of statutory damages potentially recoverable per individual (i.e., up to $100) and the substantial costs associated with litigating individual actions.

6. In consideration of the mutual promises contained in the Settlement Agreement, Representative Plaintiffs and the class members who did not opt-out of this settlement fully and finally release Provident and Brainstorm, their successors, predecessors, assigns, parent corporations, subsidiaries, affiliated companies, and all of their respective present and former employees, officers, directors, agents, attorneys, members and stockholders (the "Released Parties"), from any and all claims, known and unknown, arising under California or other state law or federal statute, ordinance, regulation, common law, or other source of law, whether or not such claims are in the nature of damages, penalties, attorneys' fees and/or injunctive relief, whether in contract, tort, or pursuant to a statutory remedy, including any claims for attorneys' fees, costs of prosecution, and the like, related to the subject matter of the Action or that were or could have been made in the Action. With respect to class members' Released Claims, the Representative Plaintiffs and the class members shall be deemed to have, and by operation of the

Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent an such provision is applicable), which is quoted in the Settlement Agreement.

7. On the Distribution Date as defined in the Settlement Agreement, relief to the Plaintiffs and the Class, as defined herein and the Settlement Agreement (which is incorporated by reference herein), shall be distributed. The Class Administrator will issue the settlement funds directly to the class members. The Class Administrator will provide an affidavit regarding the mailing of the class settlement funds, which Defendants will file with the Court no later than sixty (60) days after the Distribution Date.

8. Any settlement funds sent to class members that are not claimed by class members through the presentment of a settlement check will be paid to a *cy pres* fund and distributed to the Watsonville Law Center (40%) the National Consumer Law Center (30%), and the Law Foundation of Silicon Valley (30%), as set forth in the Settlement Agreement. The Court has reviewed all material submitted on behalf of each proposed *cy pres* recipient, and finds that such distribution serves California consumers, and the purposes for which the litigation was brought. These *cy pres* funds will be sent 115 days from the last date that settlement checks are mailed to the class members.

9. The Court further notes, that pursuant to the terms of the Settlement Agreement, Defendants will pay $2,500 to each of the representative Plaintiffs, in separate checks made payable to Cynthia Tamayo and Juan Algarate, each in the amount of $2,500 in consideration of their individual claims, and in consideration of their service as class representatives.

10. The Class Settlement Funds as defined in the Settlement Agreement shall satisfy the maximum total recovery under 15 U.S.C. §1640(1)(2)(B) arising out of Provident's and/or

Brainstorm's alleged failure to comply with the federal Truth in Lending Act.

11. The Court further notes that pursuant to the Settlement Agreement, Plaintiffs may apply to the Court for an award of attorneys' fees not to exceed $475,000. The Court, having reviewed the application, finds adequate support to award the attorneys' fees, costs and expenses requested, and hereby approves an award of $475,000. Pursuant to the Settlement Agreement, the attorneys' fees, costs and expenses shall be paid by Provident and Brainstorm on the Distribution Date through a wire transfer to the Kemnitzer, Anderson, Barron & Ogilvie, LLP's Client Trust Account. Once such funds are wired, their distribution shall be the sole responsibility of Kemnitzer, Anderson, Barron & Ogilvie, LLP. The award of attorneys' fees, costs and expenses is separate from and in addition to the payments to the class members and Representative Plaintiffs and shall not reduce the amounts of those payments.

12. This order constitutes the Judgment in this case. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this case to enforce the terms of this Order and the Settlement Agreement.

DATE: 12/1/06

_____
Honorable Jeremy Fogel
UNITED STATES DISTRICT JUDGE

PROOF OF SERVICE

Re: *Tamayo v. Brainstorm USA, et al.*
USDC-NDC Case No. C01-20386 JF (RS)
Santa Clara County Superior Court Case No. CV797116

I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 445 Bush Street, San Francisco, California 94108.

On November 17, 2006, I served the following:

**NOTICE OF MOTION AND PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND INCENTIVE AWARDS**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT; AWARD OF ATTORNEYS' FEES**

**AFFIDAVIT OF NANCY BARRON IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND AWARD OF ATTORNEYS' FEES**

**DECLARATION OF F. PAUL BLAND IN SUPPORT OF PETITION FOR FINAL APPROVAL OF SETTLEMENT AND FOR ENTRY OF JUDGMENT**

**AFFIDAVIT OF BRYAN KEMNITZER IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND AWARD OF ATTORNEYS' FEES**

**DECLARATION OF SCOTT MAURER IN SUPPORT OF PLAINTIFFS' APPLICATION FOR FINAL APPROVAL AND ATTORNEYS FEES**

**DECLARATION OF DON MIDDLETON IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT**

**DECLARATION OF JAMES M. PARKS IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT**

**[PROPOSED] ORDER CERTIFYING CLASS, GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING ATTORNEYS' FEES AND COSTS TO PLAINTIFFS; AND ENTERING JUDGMENT**

by ELECTRONIC TRANSMISSION to the person(s) and address(es) shown below:

//

//

| | |
|---|---|
| 1 | Thomas E. Kuhnle |
| 2 | BINGHAM MCCUTCHEN<br>1900 University Ave. |
| 3 | Palo Alto, CA 94303-2229<br>Attorney for Defendant BRAINSTORM USA |
| 4 | |
| 5 | Diane L. Gibson<br>SQUIRE, SANDERS & DEMPSEY |
| 6 | One Maritime Plaza, Ste. 300<br>San Francisco, CA 94111-3492 |
| 7 | Attorney for Defendant THE PROVIDENT BANK |
| 8 | Scott Maurer<br>ALEXANDER COMMUNITY LAW CENTER |
| 9 | 1030 The Alameda<br>San Jose, CA 95126 |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 17, 2006

_____
Sean R. Barry